Mr. Justice Colcock
delivered the opinion of the court;
Upon the first ground, it is only necessary to refer to the cases of Anthony Haney vs. John Townshend, (1 McCords Rep. 106,) and the case of Young and Grey, (Ibid, 211,) by which it will appear that such variance is not a ground of arrest, but may betaken advantage of by plea in abatement or special demurrer.
On the second ground, the demurrer complained that the declaration was bad, but on examination, there appeared no defect in form or substance. It was contended that under this demurer the court was bound to look back and discover the alleged variance. This might have been true as to a defect in the substance but not as to form, (1 Chilly, 6.40.) But if the court had been bound to police *388 what is alleged to be a variance, I am of opinion that there is in pojnt of fact no variance ; for although the words vi et armis are used in the writ, it is in all other respects a writ in case, and these words may be considered as surplusage.
Fleming, for the motion,
Thompson, contra,
As to the two last grounds, the facts were all submitted to the jui’y who knew the parties and witness, and were of course well acquainted with the manners and customs of the country, consequently wore qualified to decide whether there was any connivance on the part of the father. Having decided that there was none, the damages cannot be considered as excessive.
The motion is dismissed.
Justices Nott, Huger, Johnson and Gantt, concurred,